**GIANNOTTA PROPERTIES, INC.,**
a California corporation,
Plaintiff–Appellant,

v.

**Cyril BARBACCIA; Lena M. Barbaccia; San Jose National Bank,**
Defendants–Appellees,

Giannotta Properties, Inc., a California corporation, Debtor.

No. 03–17008.
D.C. No. CV–02–00360–JF.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2005.

Decided Aug. 9, 2005.

Lawrence A. Jacobson, Molly F. Jacobson–Greany, Cohen & Jacobson, Redwood City, CA, for Plaintiff–Appellant.

Robert J. Williams, Williams & Williams, Bruce W. Robertson, Robertson & Lewis, San Jose, CA, for Defendants–Appellees.

Before GOODWIN, REAVLEY,* and RAWLINSON, Circuit Judges.

## MEMORANDUM**

We affirm for the following reasons:

■ 1. We have held that, under California law, a foreclosure can be set aside if the price paid at foreclosure was grossly inadequate and there was an even slight irregularity or unfairness in the foreclosure. *In re Worcester,* 811 F.2d 1224, 1228 (9th Cir.1987). *Worcester* notes that California law imposes an additional requirement that the party seeking to set aside the foreclosure made a viable tender of payment of the indebtedness owing. *Id.* at 1230. GPI did not establish a grossly inadequate price. We reject GPI's theory that the fee simple and leasehold estates "merged," and that Barbaccia was therefore required to pay at foreclosure the value of the property without the long-term lease. GPI points to no authority persuading us that in these circumstances Barbaccia was required to pay vastly more at foreclosure than any other bidder because of the fortuity of holding the lease on the property. We also disagree with GPI to the extent that it argues that the gross inadequacy calculation should consider only the cash exchanged at foreclosure and ignore the encumbrances on the property. We further note that the bankruptcy court's reference to appraisals on the property under certain assumptions do not constitute findings of fact by the court as to the value of the property. The court did not indicate that it agreed with these appraisals and it did not make a finding of fact as to the value of the property.

2. GPI was not entitled to set aside the foreclosure because the date of foreclosure was extended from a Sunday to the following Tuesday, January 17, 1995. Monday was a holiday. GPI argues that the postponement did not comply with the statutory requirement that a notice of postponement must be given "by public declaration by the trustee at the time and place last appointed for sale." CAL. CIV.CODE § 2924g(d) (West 2004). The bankruptcy court granted summary judgment in favor of Barbaccia on this claim due to GPI's failure to offer proof that California law was not followed when the date of foreclosure was rescheduled. However, after tri-

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. Rule 36–3.

al, the court noted in its findings and conclusions that (1) the two owners of the foreclosure service, Bay Counties, had resigned before the foreclosure, (2) the day-to-day manager of Bay Counties stated that she "did not know how the postponements occurred for this foreclosure sale," and (3) the remaining employee trained to call out trustee's sales stated that she was out of town on the day of the foreclosure. These findings raise the issue of whether the court should have revisited its interlocutory summary judgment ruling.

■ 3. Even if GPI is correct in arguing that there was evidence from which the trier of fact could infer that notice of postponement was not given at the time and place of the scheduled foreclosure, GPI fails to show that this technical violation resulted in any surprise or prejudice. GPI was indisputably aware that the foreclosure had been rescheduled because a GPI attorney showed up at the foreclosure agent's office on that Tuesday and requested a further postponement to give GPI time to seek a TRO in state court. On January 12, 1995, counsel for GPI stated at a hearing that "we have a sale set, foreclosure sale set for next Tuesday, and that's the final drop dead date." Bay Counties left a recorded message on its answering machine on Friday, January 13, advising callers of the postponement to January 17. GPI did not prove that there were any other interested buyers who missed the foreclosure sale because they were not informed of the postponement. Where the borrower received adequate notice of the foreclosure sale, a slight procedural irregularity in the foreclosure process that does not prejudice the borrower does not entitle the borrower to set aside the foreclosure. *Knapp v. Doherty*, 123 Cal.App.4th 76, 20 Cal.Rptr.3d 1, 13–17 (2004).

■ 4. GPI did not establish that the foreclosure should be set aside because the six-hour postponement allegedly granted on the day of foreclosure was not honored. There was no proof that Barbaccia had anything to do with the oral postponement or the failure of the foreclosure agent to abide by the postponement. GPI did not prove that it would have succeeded in stopping the foreclosure if the oral postponement had not been given or that it would have purchased the property at the foreclosure sale. The bankruptcy court found that instead of attending the foreclosure sale and bidding on the property, GPI sought a TRO in state court. GPI points to no California authority persuading us that in these circumstances the foreclosure should be set aside. *See Raedeke v. Gibraltar Sav. & Loan Ass'n*, 10 Cal.3d 665, 111 Cal.Rptr. 693, 517 P.2d 1157, 1162 (1974) (stating that "a gratuitous oral promise to postpone a sale of property pursuant to the terms of a trust deed ordinarily would be unenforceable").

■ 5. We do not agree with GPI that a new notice of sale was required under California Civil Code § 2924g(c)(1), allowing a maximum of three postponements of the notice of sale, because subsection (c)(2) exempts from this provision postponements made by court order or mutual agreement. The record shows that the conditional postponements to November 1, 1994, November 21, December 20, and January 15, 1995, were by stipulation of the parties and adopted by court order. The stipulation further modified the promissory note and waived the amount previously specified in the notice of default, and we do not agree with GPI that a new notice of sale was required because the amount of the total unpaid balance had changed by agreement of the parties. The agreement expressly acknowledged that the procedural requirements of the California private foreclosure statutes had been met and that GPI was waiving "any right to bring any action in any court …

to challenge ... SJNB's right to foreclose its Deed of Trust ... including any and all claims or demands pertaining to the amounts owed or paid to SJNB." Assuming a technical breach of the notice of sale statutory requirements, GPI did not establish any prejudice that would entitle it to set aside the foreclosure.

6. Finally, on the issue of the unfairness of Barbaccia's conduct, we see no error in the findings of the bankruptcy and district courts that Barbaccia did not breach the lease, that it had a landlord-tenant relationship with GPI, that there was no fiduciary relationship between the parties, and that Barbaccia's only legal obligations to GPI were to comply with the lease. Barbaccia was not obligated to facilitate GPI's loan application by subordinating its rights as a tenant, paying rent directly to the bank, and making representations in an estoppel letter which were not required by the lease.

AFFIRMED.